UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSHUA VINCENT GRANBY,

                              Plaintiff,

        -against-

SUFFOLK COUNTY, *et al.*,

                              Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 06-5691 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

      By order dated February 22, 2010, the pro se plaintiff was ordered to show cause why the undersigned should not recommend that this case be dismissed for failure to prosecute. The court's order was mailed to the plaintiff at his last-known address at the Bare Hill Correctional Facility, and was returned as undeliverable. The deadline to respond has since expired. As described in greater detail in the court's previous order, the plaintiff has not communicated with the court since February 2009, and he has not notified the court of her current address. The plaintiff has also repeatedly failed to comply with the court's scheduling orders.

      Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008). Further, when a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, dismissal may be an appropriate remedy. *See, e.g., Garcia v. Hynes*, No. CV 08-3115(RJD)(LB), 2009 WL 890640 (E.D.N.Y. Mar. 31, 2009) (adopting magistrate judge's recommendation that action be dismissed for pro se plaintiff's failure to provide the court with a current address). Pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), the undersigned respectfully recommends that plaintiff's action be dismissed due to failure to prosecute.

      A copy of this Report and Recommendation will be sent to plaintiff at his last-known address. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C.

§ 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir.1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir.1996).

Dated: Central Islip, New York
April 15, 2010

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge